*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL WILLIAM RUDD,

      Plaintiff-Appellant,

v

ANDREA JOY AVERILL, formerly known as
ANDREA JOY WAGENMAKER, formerly
known as ANDREA JOY RUDD,

      Defendant-Appellee.

UNPUBLISHED
July 30, 2019

No. 340135
Muskegon Circuit Court
LC No. 07-036847-DM

AFTER REMAND

Before: SERVITTO, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

This matter returns to this Court on remand from the trial court as provided in *Rudd v Averill*, unpublished order of the Court of Appeals, entered December 18, 2018 (Docket No 340135). This Court ordered, in pertinent part:

> ". . . the trial court is to consider the relevant factors for determining the reasonableness of the attorney fees to be awarded as set forth in *Smith v Khouri*, 481 Mich 519, 529-530; 75 NW2d 472 (2008).

This matter was thus set for a two-hour evidentiary hearing on January 29, 2019, pursuant to the directive provided above by this Court. Both parties submitted their pleadings and the plaintiff appeared in propria persona. Defendant appeared represented by counsel, Attorney James Marek. During the hearing, plaintiff presented Attorney Rachel Terpstra and Attorney Brianna Scott as witnesses. Defendant chose not to present any witnesses on her behalf. Plaintiff submitted bills from her two attorneys and papers from the Court of Appeals. In light of the evidence and testimony presented at the evidentiary hearing, the trial court ultimately awarded plaintiff $4,350 for costs and reasonable attorney fees incurred as a result of the plaintiff's efforts to have the trial court complete its contempt findings. We affirm.

-1-

## II. STANDARD OF REVIEW

"We review for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 529-530; 75 NW2d 472 (2008). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The burden of proving the reasonableness of the requested fees rests with the party requesting them. *Smith*, 481 Mich at 529 n 13.

## III.    ANALYSIS

Plaintiff presented testimony from the two attorneys who represented him during his litigation. The defendant stipulated to the reasonableness of Attorney Terpstra's hourly rate of $195/hr. However, there was no such stipulation in regards to the reasonableness of Attorney Scott's hourly rate. Attorney Scott, as noted by the trial court, claimed a nearly identical hourly rate of $200/hr in the affidavit that was accepted as part of the defendant's in court testimony. Though Attorney Scott's rate was not stipulated to, the rate claimed went unchallenged by the defendant. While many of the *Smith* factors were not directly addressed, the trial court thus determined based on the testimony of both plaintiff's attorneys as well as the additional documents provided, that plaintiff adequately established that the fees charged by both plaintiffs' attorneys were acceptable as fees customarily charged in Muskegon County for similar legal services. We agree.

The trial court next turned to the reasonableness of the number of hours expended by plaintiff's legal counsel in his representation. That number was then multiplied by the hourly rate billed to establish a starting point for calculating a reasonably attorney fee. *Id*. at 530.

As noted by the trial court, Attorney Terpstra testified that she spent approximately 14 hours leading up to her court appearance in April 2014. The trial court also noted, during the April 2014 hearing, at which point defendant was found in contempt, Attorney Terpstra's request for fees was $2400, which the court determined was very close to the amount testified to. Defendant contested the fee in her pleadings submitted pursuant to the evidentiary hearing, but did not cross-examine Attorney Terpstra, nor present evidence that would legitimately challenge the calculation. The trial court further opined in regards to plaintiff, that at the April 2014 hearing, there were no presentation of plaintiff's request for attorney fees that appeared to differentiate between the time billed by Attorney Terpstra and Attorney Scott. The fees simply appeared to show the sum total of legal fees for the April 2014 hearing. Therefore, the trial court opined, based upon the aforementioned testimony at the evidentiary hearing, that plaintiff failed to adequately identify the specific work done by Attorney Scott during the April 2014 hearing. The trial court explained, though Attorney Scott is an accomplished and reputable lawyer, it is however, "an unwieldly proposition to adequately quantify and monetize the value of 'non-stop' services", as testified by Attorney Scott.

In regards to the costs to be assessed against defendant for the March 2015 and September 2015 hearings, the trial court determined that the bills submitted by the plaintiff's two attorneys appeared to be complete. However, the bills again did not adequately break down the specific amounts assessed as attorney fees and costs regarding the subsequent hearings pursuant

to Defendant's Motion to Reinstate Parenting Time/Contempt. Thus, the trial court opined that for the March 2015 and the September 2015 hearings, the plaintiff should be compensated for his counsels' preparation and presentation as it related to: (1) review of defendant's pleadings; (2) verification of defendant's compliance; (3) filing a response; and (4) appearance in court to argue the motion. Each of these components reasonably accomplished in one hour of lawyer time, for a total of four hours. An additional hour of client consultation was added, as well as a total of five hours per hearing.

In its order, the trial court directed the defendant to pay total attorney fees and costs to the plaintiff in the amount of $4,350. The plaintiff has challenged the amount of attorney fees but not the periodic payments.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra

# Court of Appeals, State of Michigan

## ORDER

Daniel William Rudd v Andrea Joy Averill

Docket No.    340135

LC No.    07-036874-DM

Deborah A. Servitto
Presiding Judge

Cynthia Diane Stephens

Mark T. Boonstra
 Judges

On the Court's own motion, the Court ORDERS that the March 21, 2019 order on remand is AFFIRMED because the resolution provided by that order appropriately complies with the holdings in our December 18, 2018 opinion. This order concludes this appeal.

/s/ Deborah A. Servitto

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 30, 2019
_____
Date

_____
Chief Clerk